**Michael Alan CROOKER, Appellant,**

v.

**U. S. DEPARTMENT OF THE
TREASURY et al., Appellee.**

**No. 1374, Docket 80–2087.**

United States Court of Appeals,
Second Circuit.

Submitted July 25, 1980.

Decided Nov. 17, 1980.

Michael Alan Crooker, F. C. I., Danbury,
Conn., submitted a brief pro se for appellant.

Frank H. Santoro, Asst. U. S. Atty., New
Haven, Conn. (Richard Blumenthal, U. S.
Atty. and Anthony Poole, Law Student Intern, New Haven, Conn., on brief), submitted a brief for appellee.

* Honorable Edward R. Neaher of the United
States District Court for the Eastern District of New York, sitting by designation.

Before VAN GRAAFEILAND and
NEWMAN, Circuit Judges, and NEAHER,
District Judge.*

NEWMAN, Circuit Judge:

The issue on this appeal is whether a *pro
se* litigant is entitled to an attorney's fee
for the value of his own services rendered
in the successful resolution of a lawsuit
brought under the Freedom of Information
Act (FOIA), 5 U.S.C. § 552 (1976). Appellant, Michael Alan Crooker, is a federal
prisoner. While incarcerated, he sought
from the Internal Revenue Service (IRS)
release of documents relating to an investigation of his 1979 income tax return. The
IRS declined to disclose most of the documents sought. Crooker brought suit under
the FOIA in the District Court for the
District of Connecticut. One month after
the lawsuit was filed, the IRS released all
of the requested documents in its possession. Crooker then sought an award of
attorney's fees and costs, claiming an attorney's fee of $67.50 (9 hours at $7.50 per
hour) and postage of $.60. When the
Government opposed this claim, Crooker
sought an additional award for fees and
expenses in connection with his original fee
application. He claimed an attorney's fee
of $48.75 (6½ hours at $7.50 per hour) and
postage of $.90, for a total claim of $116.25
in attorney's fees and $1.50 in costs.

The District Court (Warren Eginton,
Judge) denied Crooker's claim. Apparently
assuming that a *pro se* litigant was eligible
to receive an award of attorney's fees,
Judge Eginton agreed with Crooker that his
initiation of the lawsuit had had a sufficient
causative effect on the ultimate disclosure
of the information to justify considering
Crooker to have substantially prevailed.
See *Vermont Low Income Advocacy Council, Inc. v. Usery*, 546 F.2d 509, 513 (2d Cir.
1976). However, weighing the factors relevant in deciding whether to exercise discretion in Crooker's favor, see *Cox v. United
States Department of Justice*, 601 F.2d 1, 7
(D.C.Cir.1979); *Kaye v. Burns*, 411 F.Supp.

897, 903 (S.D.N.Y.1976), Judge Eginton concluded that Crooker had made an inadequate showing of his interest in the records and of any public benefit in their disclosure.

Because of the frequency of *pro se* FOIA suits brought by Crooker and other litigants, we accept the Government's suggestion that we should consider the threshold issue whether a *pro se* litigant is entitled to attorney's fees under the Act. Courts have divided on this question. *Pro se* litigants have been considered eligible for attorney's fees in *Cox v. United States Department of Justice, supra; Cuneo v. Rumsfeld*, 180 U.S. App.D.C. 184, 553 F.2d 1360 (D.C.Cir.1977) (lawyer acting *pro se* ); *Marschner v. Department of State*, 470 F.Supp. 196 (D.Conn.1979); *Jones v. United States Secret Service*, 81 F.R.D. 700 (D.D.C.1979); and *Holly v. Acree*, 72 F.R.D. 115 (D.D.C. 1976); *aff'd sub nom. Holly v. Chasen*, 569 F.2d 160 (D.C.Cir.1977) (table). *Pro se* litigants were ruled ineligible for attorney's fees in *Crooker v. Department of Justice*, 632 F.2d 916 (1st Cir. 1980); *Burke v. United States Department of Justice*, 559 F.2d 1182 (10th Cir. 1977), *affirming* 432 F.Supp. 251 (D.Kan.1976), and *Barrett v. United States Customs Service*, 482 F.Supp. 779 (E.D.La.1980) (construing the Privacy Act, 5 U.S.C. § 552a(g)(3)(B) (1976)); *cf. Hannon v. Security National Bank*, 537 F.2d 327 (9th Cir. 1976) (Truth in Lending Act, 15 U.S.C. § 1640(a)(3) (1976)); *Bone v. Hibernia Bank*, 354 F.Supp. 310 (N.D.Cal.1973) (same).

The FOIA authorizes district courts, in any case in which the complainant has substantially prevailed, to assess against the United States "reasonable attorney fees and other litigation costs reasonably incurred." 5 U.S.C. § 552(a)(4)(E) (1976). Conflicting arguments have been made from the statutory language. The District of Columbia Circuit maintains that the phrase "reasonably incurred" modifies only "litigation costs," thereby implying that "reasonable attorney fees" need not be incurred in order to be awarded. *Cuneo v. Rumsfeld, supra*, 553 F.2d at 1366; *Holly v. Acree, supra*, 72 F.R.D. at 116. The Eastern District of Louisiana responds that "attorney fees" are not contemplated where no attorney is involved. *Barrett v. United States Customs Service, supra*, 482 F.Supp. at 780.

We do not find the statutory language dispositive of the issue. From the text it is simply not clear whether Congress intended "attorney fees" to be available only to licensed members of the bar or also to *pro se* litigants acting as their own counsel. Nor is the legislative history decisive, although a clue may perhaps be gleaned from the reference to the attorney's fee provision as removing "barriers" to the average person's ability to secure compliance with the Act. S.Rep.No.854, 93d Cong., 2d Sess. 17 (1974). Such a barrier may well be presented by the prospect of having to pay an attorney or having to forgo an opportunity to earn one's regular income for a day or more in order to prepare and pursue a *pro se* suit. But we do not believe that Congress intended to permit an award of attorney's fees to *pro se* litigants like Crooker who have made no showing that prosecuting their lawsuits caused them to divert any of their time from income–producing activity.[1] The Freedom of Information Act was not enacted to create a cottage industry for federal prisoners.

Appellant was not entitled to an award of attorney's fees, and the denial of his *de minimis* claim for costs was well within the District Court's discretion. Affirmed.

---

1. We intend no dilution of the rule permitting an award of statutorily authorized attorney's fees to legal services organizations. *Cf. Mid–Hudson Legal Services, Inc. v. G & U, Inc.*, 578 F.2d 34 (2d Cir. 1978) (Civil Rights Attorney's Fee Award Act, 42 U.S.C. § 1988 (1976)). In such cases, the services of attorneys are used, even though the persons benefited incur no legal fees.