**Phyllis A. BARRETT, Plaintiff-Appellant,**

v.

**BUREAU OF CUSTOMS and Department of the Treasury, Defendants-Appellees.**

No. 80–3162
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

July 27, 1981.

Phyllis A. Barrett, pro se.

Leonard Schaitman, Marc Richman, U. S. Dept. of Justice, Civil Div., Washington, D. C., for defendants-appellees.

Before BROWN, POLITZ and TATE, Circuit Judges.

POLITZ, Circuit Judge:

This appeal poses the question whether attorney fees may be awarded under the Privacy Act, 5 U.S.C. § 552a(g)(3)(B), to a *pro se* litigant who is not an attorney. We hold that they may not.

In June 1978, Phyllis Barrett requested copies of the results of two security investigations conducted when she was employed by the United States Customs Service. In July the Service acknowledged her requests and advised that they would be routinely processed. When no documents were received by August, Barrett appealed to the Commissioner of Customs. There was no result. After six months of waiting she filed the instant complaint. Thereafter, appellant was provided a copy of that part of the requested information as found in the Service's files.

The district judge found as a fact "that defendant had not exercised due diligence in processing plaintiff's request for information, that the resulting delay forced plaintiff to institute this litigation, and that such government action amounted to an arbitrary and unreasonable withholding of the information sought." There is no challenge to the facts as found by the district court; this appeal presents the sole legal question of the propriety of awarding attorney fees to a *pro se* litigant who is not an attorney.

Appellant argues that she should be awarded attorney fees on the traditional equitable ground of taxing a defendant for obstinacy, bad faith or deliberate defiance of the law, as well as pursuant to the provisions of the Privacy Act. Appellant relies on *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), and our holding in *Blue v. Bureau of Prisons*, 570 F.2d 529 (5th Cir. 1978). *Alyeska* does not support appellant's position; it involved an award of attorney fees against a private party, not the federal government. As we noted in *Knights of K.K.K. v. East Baton Rouge Parish Sch.*, 643 F.2d 1034, 1037 (5th Cir. 1981), absent a "clear or express statutory waiver," the sovereign immunity of the United States proscribes any award of attorney fees against it. A judgment for costs against the United States is permitted by 28 U.S.C. § 2412, but this section expressly excludes fees and expenses of attorneys "except as otherwise specifically provided by statute."

The Privacy Act provides for attorney fees in 5 U.S.C. § 552a(g)(3)(B):

> The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this paragraph in which the complainant has substantially prevailed.

With the exception of the substitution of "section" for "paragraph," we find the identical statutory provision in the Freedom of Information Act (FOIA), 5 U.S.C. § 552(a)(4)(E):

> The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

In *Blue, supra*, we found four criteria as the central guidelines for the award of attorney fees to a prevailing party under FOIA: (1) the benefit to the public deriving from the case, (2) the commercial benefit to the complainant, (3) the nature of complainant's interest in the federal records sought, and (4) whether the government's withholding of the record sought had a reasonable basis in law. These same guidelines apply to claims for attorney fees under the Privacy Act. Applying the criteria enunciated in *Blue*, the district court found that appellant would be entitled to attorney fees but for her *pro se* status. We agree.

The Privacy Act permits of awards of attorney fees against the United States, contrary to the "American rule" recognized in *Alyeska*, and as an exception to sovereign immunity. We must determine whether the language "reasonable attorney fees and other litigation costs reasonably incurred" extends only to fees actually paid or payable to an attorney or whether such includes a sum to compensate a *pro se* litigant for time and effort expended in enforcing rights under the Privacy Act.

Whether attorney fees may be awarded to a party who did not use the services of an attorney in the litigation has been addressed by the courts, with varying responses. Our colleagues of the First, Fourth, Eighth, Ninth and Tenth Circuits declined to make such awards. *See Crooker v. Unit-*

ed States Dept. of Justice, 632 F.2d 916 (1st Cir. 1980) (FOIA, 5 U.S.C. § 552(a)(4)(E)); *White v. Arlen Realty & Development Corp.*, 614 F.2d 387 (4th Cir. 1980) (Truth in Lending Act, 15 U.S.C. § 1640(a)(3)); *Davis v. Parratt*, 608 F.2d 717 (8th Cir. 1979) (Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988); *Hannon v. Security Nat. Bank*, 537 F.2d 327 (9th Cir. 1976) (Truth in Lending Act); *Burke v. United States Dept. of Justice*, 559 F.2d 1182 (10th Cir. 1977) (FOIA), *aff'g* 432 F.Supp. 251 (D.Kan. 1976). We very recently declined to award a *pro se* litigant attorney fees under 42 U.S.C. § 1988 in *Cofield v. City of Atlanta*, 648 F.2d 986 (5th Cir. 1981), stating: "section 1988 is not to compensate a worthy advocate but to enable and encourage a wronged person to retain a lawyer." The District of Columbia Circuit, on the other hand, has approved awards to *pro se* litigants. *See Cox v. United States Dept. of Justice*, 601 F.2d 1 (D.C. Cir. 1979) (FOIA); *Cuneo v. Rumsfeld*, 553 F.2d 1360 (D.C. Cir. 1977) (FOIA, fees allowed to attorney representing self); *Holly v. Acree*, 72 F.R.D. 115 (D.C. Cir. 1976), *aff'd sub nom., Holly v. Chasen*, 569 F.2d 160 (D.C. Cir. 1977) (FOIA). The Second Circuit obliquely addressed the issue in concluding that attorney fees were not awardable to a prisoner who did not show that prosecuting the complaint caused him to divert time from his job. *See Crooker v. U.S. Dept. of The Treasury*, 634 F.2d 48, 49 (2d Cir. 1980) ("The Freedom of Information Act was not enacted to create a cottage industry for federal prisoners.")

The D.C. Circuit parsed the language of the FOIA statute and concluded that the phrase "reasonably incurred" modifies only the phrase "other litigation costs," and not the larger phrase "reasonable attorney fees and other litigation costs." Accordingly, "reasonable attorney fees" need not be incurred in order to be awarded. *Cuneo*, 553 F.2d at 1366; *Holly*, 72 F.R.D. at 116. The Second Circuit was of the opinion that the statutory language was not dispositive of the issue, stating: "it is simply not clear whether Congress intended 'attorney fees' to be available only to licensed members of the bar or also to *pro se* litigants acting as their own counsel." *Crooker*, 634 F.2d at 49.

We are persuaded that Congress intended to provide for the payment of attorney fees in those instances in which the services of an attorney were utilized and fees incurred. We express no opinion as to that situation where a complainant is an attorney and appears *in propria persona*. We are also persuaded that Congress did not intend to impose a penalty on the United States by requiring the payment of a sum of money to a *pro se* litigant, ostensibly in reimbursement of an attorney fee expense.

The *Cuneo* court opined that the use of the word "reasonable" immediately before "attorney fees" precludes the conclusion that another phrase containing the word "reasonable" would be used to modify "attorney fees" as well. This was apparently considered redundant. We do not agree. We conclude that "reasonably incurred" can and does modify the larger phrase "reasonable attorney fees and other litigation costs." There are two separate applications of the reasonable test involved: the amount of the fees must be reasonable and the incurring of the fees must be reasonable. For example, a charge of $500 an hour would not be a reasonable fee. Further, the incurring of legal fees by filing a suit when an agency had responded favorably and informed of its intention to furnish the requested copies but was a few days late in mailing the records would not be the reasonable incurring of the fees. In either instance the complainant would not have qualified for the statutory attorney fees intended by the provisions in the FOIA and Privacy Act.

We are not persuaded that the policies and purposes of the Privacy Act or of the FOIA are necessarily furthered by granting attorney fees to *pro se* litigators. *Crooker*, 632 F.2d at 920. Persons contemplating legal action should be encouraged to consult with attorneys. Litigation may not be necessary. Frustrations and misunderstandings or failures of understanding by the intended complainant may be quickly

soothed and resolved by counsel. We do not believe it naive to expect that the result of the intervention of counsel will be compliance with the law by the agency involved, a furnishing of the information sought, and an avoidance of unnecessary litigation.

We read the statute to provide for an award of a reasonable attorney fee reasonably incurred, considering all circumstances. A person has a right to proceed *pro se*, just as one has a right to retain counsel. Congress has seen fit to underscore its insistence that the provisions of the Privacy Act and the FOIA be faithfully discharged by responsible parties and agencies by lifting the burden of attorney fees from successful complainants. To award an attorney fee where no fee has been incurred constitutes a penalty for non-compliance. Congress may impose such a penalty should it choose to do so. We do not interpret 5 U.S.C. § 552a(g)(3)(B) as a congressional imposition of such a penalty.

As the Supreme Court reminded in *United States v. Rutherford*, 442 U.S. 544, 555, 99 S.Ct. 2470, 2477, 61 L.Ed.2d 68 (1979):

> Under our constitutional framework, federal courts do not sit as councils of revision, empowered to rewrite legislation in accord with their own conceptions of prudent public policy .... Only when a literal construction of a statute yields results so manifestly unreasonable that they could not fairly be attributed to congressional design will an exception to statutory language be judicially implied.

We conclude that under 5 U.S.C. § 552a(g)(3)(B) an award of attorney fees may not be made to Phyllis A. Barrett, a *pro se* litigant who is not an attorney. The district court is AFFIRMED.