**Courtland PITTS**

v.

**James VAUGHN, Wilber Kee, Walter Redman, George Pippin, James Williams, William Hoosier and Bernard Williams.**

**Appeal of Courtland C. PITTS.**

**No. 81–1989.**

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit Rule 12(6) May 3, 1982.

Decided May 26, 1982.

Courtland C. Pitts, appellant pro se.

John J. Polk, Deputy Atty. Gen., Dept. of Justice, Wilmington, Del., for appellee Wilber Kee.

Before ADAMS, VAN DUSEN and WEIS, Circuit Judges.

## OPINION OF THE COURT

VAN DUSEN, Senior Circuit Judge.

Courtland C. Pitts, who is not an attorney, appeared *pro se* in his successful civil rights suit for damages and injunctive relief. He now appeals from the district court's denial of his motion for attorney's fees under 42 U.S.C. § 1988 (1976 & Supp. IV). We hold that a non-lawyer, *pro se* litigant is not entitled to attorney's fees under § 1988, and we affirm the district court's denial of this motion.

### I.

Courtland Pitts, an inmate at the Delaware Correctional Center, filed this civil rights action under 42 U.S.C. § 1983 (1976 & Supp. IV) in the United States District Court for the District of Delaware. He alleged that his federal constitutional rights were violated when he was held in the isolation section of the Correctional Center without the opportunity to be heard within a reasonable period of time. Before the trial, Pitts filed a motion for appointed counsel, but this motion was denied by the district court. Proceeding *pro se*, Pitts proved at the trial that his Fourteenth Amendment due process rights had been violated. The district court granted Pitts an injunction barring similar violations of his rights in the future, and awarded Pitts $180.00 in compensatory damages and $500.00 in punitive damages.

■ Pitts then filed a motion for reasonable attorney's fees pursuant to 42 U.S.C. § 1988 (1976 & Supp. IV). The district court denied the motion, and Pitts appeals on the sole issue of whether he is entitled to attorney's fees under § 1988 as a prevailing *pro se* litigant.[1]

### II.

The Civil Rights Attorney's Fees Award Act of 1976, as amended, 42 U.S.C. § 1988

---

1. In order for this court to exercise appellate jurisdiction under 28 U.S.C. § 1291 (1976), the appeal must have been taken from a final order. Pitts' appeal from the district court's

(1976 & Supp. IV) ("the Act"),[2] was passed in response to the Supreme Court's decision in *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 257, 95 S.Ct. 1612, 1621, 44 L.Ed.2d 141 (1975), which emphasized that "absent statute or enforceable contract, litigants pay their own attorneys' fees." The Act explicitly created the remedy of awarding attorney's fees to successful litigants in civil rights cases, such as those brought under 42 U.S.C. §§ 1981, 1982, 1983, 1984 and 1985. In doing so, the Act "remedie[d] gaps in the language of these civil rights laws by providing the specific authorization required by the Court in *Alyeska*, and makes our civil rights laws consistent." S.Rep.No.94–1011, 94th Cong., 2d Sess. 4, *reprinted in* [1976] U.S.Code Cong. and Ad. News 5908, 5912.

■ The issue before us is whether Congress intended the provisions of this Act to enable successful *pro se* litigants to recover an equivalent of attorney's fees. The United States Courts of Appeal for the First, Fifth, and Eighth Circuits have held that Congress did not intend to reward litigants who choose to represent themselves. *See Lovell v. Snow*, 637 F.2d 170 (1st Cir. 1981); *Cofield v. City of Atlanta*, 648 F.2d 986 (5th Cir. 1981); *Davis v. Parratt*, 608 F.2d 717 (8th Cir. 1979). Their conclusion is supported by the wording of § 1988: "[T]he court, in its discretion, may allow the prevailing party … a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988 (1976 & Supp. IV). The use of the words "attorney's fees" presupposes that the prevailing party has been represented by an

attorney. *See Cunningham v. F. B. I.*, 664 F.2d 383 (3d Cir. 1981).

The legislative history of § 1988 supports this position that Congress did not intend to award non-lawyer, *pro se* litigants an equivalent of attorney's fees. Instead, Congress was concerned with reimbursing prevailing parties for the actual expenses of representation by an attorney because it recognized that attorney's fee awards are often essential to enable private citizens to protect their civil rights in the courts. As explained in the Senate Report on the Civil Rights Attorney's Fees Award Act:

"All of these civil rights laws depend heavily upon private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies which these laws contain.

"In many cases arising under our civil rights laws, the citizen who must sue to enforce the law has little or no money with which to hire a lawyer. If private citizens are to be able to assert their civil rights, and if those who violate the Nation's fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover what it costs them to vindicate these rights in court."

S.Rep.No.94–1011, 94th Cong., 2d Sess. 2, *reprinted in* [1976] U.S.Code Cong. and Ad. News 5908, 5910. *See Davis v. Parratt*, 608 F.2d 717, 718 (8th Cir. 1979); *Owens-El v. Robinson*, 498 F.Supp. 877, 879 (W.D.Pa. 1980).

April 18, 1981, denial of attorney's fees was filed on May 18, 1981. The district court's final order in the case, however, which entered judgment in favor of Pitts and granted him damages and injunctive relief, was not filed until June 30, 1981.

Despite this premature appeal, this court has jurisdiction under *Richerson v. Jones*, 551 F.2d 918 (3d Cir. 1977). In *Richerson*, we concluded that "a premature appeal taken from an order which is *not final* but which is followed by an order that *is final* may be regarded as an appeal from the final order in the absence of a showing of prejudice to the other party." *Id.* at 922. Because the appellee's brief indicates recognition that the appeal was premature, but does

not allege any prejudice, *see* Appellee's Answering Brief at 1, we consider Pitts' appeal as having been taken from the June 30, 1981, final order.

2. The Act provides in relevant part:

"In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

42 U.S.C. § 1988 (1976 & Supp. IV).

Recently, in *Cunningham v. F. B. I.*, 664 F.2d 383 (3d Cir. 1981), this court held that a non-lawyer, *pro se* litigant may not receive attorney's fees under another statute, the Freedom of Information Act (FOIA), 5 U.S.C. § 552(a)(4)(E) (1976).[3] There, we examined three differences between *pro se* litigants and those litigants represented by an attorney—differences which suggest that Congress did not intend to provide the equivalent of attorney's fees to *pro se* litigants. First, we noted that proceeding *pro se* does not necessarily involve "the same sorts of financial burdens and obstacles as those inherent in retaining a lawyer." 664 F.2d at 386. Second, *pro se* litigation under special legislation permitting attorney's fees may not serve the aims of the legislation to the same extent as litigation conducted by an attorney. We observed that "self-representation does not supply the objectivity and detachment that an outside attorney can provide as a check against groundless or unnecessary litigation." *Id.* Finally, compensation of *pro se* litigants leads to difficult valuation problems not present when determining the costs of representation by an attorney. Because "there is neither an accepted market value nor a cost to serve as a baseline, any value selected will likely be arbitrary." *Id.* In *Cunningham*, we concluded that these three factors, considered together, "suggest hesitation in extending the meaning of the phrase 'attorney fees' beyond its natural domain." *Id.* Although *Cunningham* was an FOIA case, these same factors support the conclusion that Congress did not intend to permit a *pro se* litigant to recover attorney's fees under § 1988.

### III.

In light of this legislative history and our consideration of the rationale of *Cunningham*, we conclude that Congress' purpose in enacting § 1988 was not to provide an additional reward to *pro se* litigants but to enable litigants to obtain professional legal representation. We hold that 42 U.S.C. § 1988 (1976 & Supp. IV) does not entitle a non-lawyer, *pro se* litigant to attorney's fees, and we will affirm the judgment of the district court.

**3.** *Accord Barrett v. Bureau of Customs*, 651 F.2d 1087 (5th Cir. 1981); *Crooker v. United States Dept. of Justice*, 632 F.2d 916 (1st Cir. 1980); *Burke v. United States Department of Justice*, 559 F.2d 1182 (10th Cir. 1977). *But see Crooker v. U. S. Dept. of Treasury*, 663 F.2d 140 (D.C.Cir.1980); *Crooker v. U. S. Dept. of Treasury*, 634 F.2d 48 (2d Cir. 1980).