**Earl F. DeBOLD, Plaintiff-Appellant,**

v.

**William R. STIMSON, Director of Support, U.S. Post Office, Gary, Indiana, et al., Defendants-Appellees.**

No. 82–2317.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 17, 1984.*

Decided June 1, 1984.

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). Plaintiff has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record.

**1038**

Earl F. DeBold, pro se.

Charles B. Miller, Asst. U.S. Atty., R. Lawrence Steele, Jr., U.S. Atty., Hammond, Ind., Charles D. Hawley, Gen.Admin.Law Div. Law Dept. Washington, D.C., for defendants-appellees.

Before PELL, BAUER and WOOD, Circuit Judges.

BAUER, Circuit Judge.

Pro se plaintiff Earl F. DeBold filed the instant suit pursuant to the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Privacy Act, 5 U.S.C. § 552a, against the defendant Postal Service and against several postal employees, demanding production of certain records as well as requesting that allegedly incorrect records pertaining to the plaintiff be corrected. The district court found that the Postal Service had already turned over the requested records to plaintiff during the course of the litigation. The district court found that plaintiff had "substantially prevailed" in his Freedom of Information Act suit and was entitled to costs up until the date the records were released to him. The court declined to award pro se plaintiff attorney fees. As to plaintiff's Privacy Act claim, the court found that plaintiff had failed to exhaust his administrative remedies and, in any event, had failed to establish a Privacy Act violation. Plaintiff appeals. For the following reasons, we affirm the district court's order.

## I

Plaintiff Earl F. DeBold is an employee of the United States Postal Service at the Service's Main Facility in Gary, Indiana. This suit arises out of DeBold's unsuccessful application for the position of Foreman Mechanics (A) in 1976. In December of that year, plaintiff applied for the foreman position. Defendant Desmond Daily, also an applicant for the job, held the Foreman Mechanics (A) position in an acting capacity until the position was filled. As acting foreman, Daily was DeBold's immediate supervisor. Defendant Daily was selected to fill the position over plaintiff DeBold and several other candidates.

After Daily's selection, the plaintiff requested from defendant Stimson, the Director of Support, copies of his evaluation for the supervisor position made by the evaluation committee (composed of three named defendants) and the evaluation of his immediate supervisor.

Defendant Stimson denied the request by letter claiming that the information was exempted from disclosure under the FOIA. The letter did not notify plaintiff of his right to appeal the denial as required by 5 U.S.C. § 552(a)(6)(A), (c). Plaintiff did not pursue an administrative appeal.

Plaintiff initiated a Title VII action, but soon thereafter filed a new complaint with the same factual allegations claiming relief under FOIA. Defendant Stimson never answered and a default judgment was entered against him in April 1977. In May 1977, the Postal Service, through the Assistant General Counsel, furnished plaintiff with the requested evaluations. Plaintiff received the form prepared by the evaluation committee, but received no form prepared by his acting immediate supervisor, Daily. The district court found Daily did not prepare a form. At a hearing on defendant Stimson's motion to set aside the default judgment, plaintiff indicated to Judge McNagny that he received all the requested information and that it was complete.

In June 1977, plaintiff demanded by letter that defendant Stimson amend the allegedly incorrect forms that had been disclosed. Defendant Stimson responded by letter saying that the evaluation forms were not records within meaning of the Privacy Act; that the forms concerned subjective judgments of plaintiff's performance rather than factual data and would remain as they were; that two arithmetic errors had been discovered on the form and had been corrected; and that the plaintiff had a right to appeal.

Thereafter, on November 3, 1978, plaintiff amended his complaint asserting a violation of the Privacy Act. In March 1982,[1] default judgment was entered against the remaining defendants. Defendants' counsel moved to set aside the default. A trial was held in the case on July 1, 1982. The district court found, pursuant to the evidence presented at trial, that the plaintiff received all the documents he had requested. The district court found that defendant Daily, as plaintiff's immediate supervisor, never filled out an evaluation for plaintiff because it was the practice of the Postal Service not to have an applicant for a position fill out an evaluation of a competitor. The district court found that no other evaluations of the plaintiff existed other than those disclosed.

The district court denied the plaintiff's request for relief under FOIA because the information sought had already been disclosed to plaintiff. The court granted plaintiff reasonable costs as a "prevailing party" because he found that the information was disclosed largely because of plaintiff's law suit. The court awarded no attorney fees. Plaintiff's Privacy Act suit was denied on the alternative grounds of failure to prove a violation of the Act and failure to establish that the administrative remedies had been exhausted. The district court set aside all default judgments

---

**1.** This case continued over several years. Judge McNagny, who originally presided over the case, became ill and passed away in March 1981. The case was transferred to two other judges before it was assigned to Judge Kanne.

against the individual defendants and dismissed the case as to them.

## II

Plaintiff cites several errors in the district court's decision. Plaintiff cites the following issues as reversible errors: (1) the district court erred in its determination that evaluation records are exempt from production under FOIA and the Privacy Act; (2) the court erred in declining to hold that a Postal Service employee is entitled to have the evaluation of his immediate supervisor; (3) the court erred in holding that plaintiff was not deprived of a promotion due to a Privacy Act violation; (4) the court erred in not holding that plaintiff was a victim of discrimination because of the promotion process utilized; and (5) the district court erred in refusing to award plaintiff damages, attorney fees and costs. We will address each asserted error in turn.

 Initially we note that the district court did not find that the requested documents were exempt from production under FOIA. The court found that all of the requested documents had been produced and that plaintiff's request for documents was moot. We hold that the district court's factual finding that all of the requested documents that exist have been produced is not clearly erroneous. Once the requested documents have been produced, the claim for relief under FOIA becomes moot. See Chilivis v. SEC, 673 F.2d 1205 (11th Cir.1982); Cuneo v. Rumsfeld, 553 F.2d 1360 (D.C.Cir.1977); Ackerly v. Ley, 420 F.2d 1336 (D.C.Cir.1969). The request for fees and costs does not become moot, as will be discussed below. Cuneo v. Rumsfeld, 553 F.2d at 1364.

Plaintiff challenges the district court's determination that he had not exhausted his administrative remedies as required under the Privacy Act before a federal court may entertain a Privacy Act claim. The district court initially determined that plaintiff had not exhausted his administrative remedies and held, in the alternative, that, despite his failure to exhaust, plaintiff's claim under the Privacy Act would fail. In

a motion to reconsider, plaintiff included a letter, which he also presents to this court in his appellate brief, indicating that he had exhausted his administrative remedies. The district court admonished plaintiff for his failure to call the letter to the court's attention prior to filing a motion to reconsider, and then ruled that the letter made no difference because plaintiff failed to establish a Privacy Act violation.

 Plaintiff does not challenge as inaccurate the evaluation of the selection committee, but rather challenges the nonexistence of an evaluation by his immediate supervisor. This lack of an evaluation, he claims, violates the Postal Service regulations. In addition, plaintiff asserts that the absence of an evaluation violates the Privacy Act requirement that the Postal Service

> ... maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination;

5 U.S.C. § 552a(e)(5). Plaintiff contends that the Postal Service kept defendant Daily in a temporary capacity as acting Foreman Mechanic (A) longer than allowed by Postal Service regulations. This, in turn, deprived plaintiff of the opportunity to be evaluated by his immediate supervisor. Thus, he was treated unfairly in violation of the Act. We disagree. The procedures used to evaluate plaintiff were extremely fair. The district court found that it was the policy of the Postal Service not to have an applicant for a job be evaluated by a competitor. This factual finding is not clearly erroneous. The policy itself seems eminently fair. Plaintiff was evaluated by objective third parties and not by Daily. It may seem to plaintiff that defendant Daily had an unfair advantage over plaintiff because he occupied the position for which he was applying; however, the Privacy Act does not require an agency to remove a temporary employee from a position in order that another applicant could have a better shot at the job. The Privacy Act

merely requires an agency to attempt to keep accurate records, and provides a remedy to a claimant who demonstrates that facts underlying judgments contained in his records have been discredited. *See R.R. v. Department of the Army,* 482 F.Supp. 770 (D.D.C.1980). Plaintiff has made no such demonstration and has shown no violation of the Privacy Act.

■ Petitioner next contends that the district court erred in refusing to rule that plaintiff was entitled to the evaluation of his immediate supervisor, Desmond Daily. The district court found that Daily never prepared an evaluation pursuant to a Postal Service custom that a person who is an applicant for a position that he is temporarily filling does not evaluate a competitor. Neither FOIA nor the Privacy Act requires an agency to create records that do not exist. *See Borom v. Crawford,* 651 F.2d 500 (7th Cir.1981).

■ Plaintiff's third contention, that the district court erred in ruling that plaintiff was not deprived of a promotion due to a Privacy Act violation, we find to be without merit. As noted above, plaintiff has established no Privacy Act violation. The district court commented, in ruling on plaintiff's motion to reconsider, that plaintiff's allegations should have been brought as a discrimination claim. Plaintiff, however, abandoned that claim years ago, and would not be entitled to reinstate it now. Plaintiff's fourth assertion of error challenging the promotion process also falls into the category of a discrimination claim and is not cognizable in a Privacy Act suit.

## III

Plaintiff's last contention, that the district court erred in not awarding him damages, attorney fees and costs, must also fail. Plaintiff was awarded costs for his FOIA action up until the Postal Service turned over the requested documents. The district court found that plaintiff had "substantially prevailed" because the decision to turn over the documents was in large part induced by plaintiff's litigation.

The district court found that plaintiff was not entitled to an award of attorney fees by considering the following factors:

> (1) The benefit to the public, if any, derived from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding of the records had a reasonable basis in law.

*Stein v. Department of Justice and FBI,* 662 F.2d 1245, 1262 (7th Cir.1981) (quoting *Cuneo v. Rumsfeld,* 553 F.2d at 1364). We note, however, that the above standards for awarding attorney fees apply in cases where a plaintiff is actually represented by an attorney. Plaintiff is proceeding pro se in this matter. The question of whether a non-attorney pro se plaintiff can ever be entitled to an award of attorney fees has created a split in the circuits. The balance leans heavily to the side of the circuits that have answered the question in the negative.[2] Upon consideration of the issue, we have decided to tilt the balance even further to that side. We conclude that a non-attorney pro se litigant is not entitled to an award of attorney fees under FOIA.

---

2. The following circuits have concluded that non-attorney pro se litigants are not eligible for attorney fee awards under FOIA (cited according to circuit number): *Crooker v. United States Department of Justice,* 632 F.2d 916 (1st Cir. 1980); *Cunningham v. Federal Bureau of Investigation,* 664 F.2d 383 (3d Cir.1981); *Barrett v. Bureau of Customs,* 651 F.2d 1087 (5th Cir. 1981), *cert. denied,* 455 U.S. 950, 102 S.Ct. 1454, 71 L.Ed.2d 665 (1982); *Wolfel v. United States,* 711 F.2d 66 (6th Cir.1983); *Burke v. Department of Justice,* 432 F.Supp. 251 (D.Kan.1976), *aff'd* 559 F.2d 1182 (10th Cir.1977); *Clarkson v. Internal Revenue Service,* 678 F.2d 1368 (11th Cir. 1982). The Second Circuit would award attorney fees to a pro se litigant who could make a showing that the successful prosecution of the FOIA suit diverted time from income-producing activity. *Crooker v. United States Department of the Treasury,* 634 F.2d 48 (2d Cir.1980). The District of Columbia stands alone in its conclusion that an attorney fees award is appropriate for a pro se non-attorney litigant. *Cox v. United States Department of Justice,* 601 F.2d 1 (D.C. Cir.1979).

The FOIA statute provides that a court "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case ... in which a complainant substantially prevailed." 5 U.S.C. § 552(a)(4)(E). In determining whether the statute contemplates attorney fees awards to pro se litigants several circuits have engaged in painstaking and laborious dissections of the above quoted sentence. The D.C. Circuit has bifurcated the sentence and interpreted it to mean that the court may award "reasonable attorney fees" and that it may award "litigation costs reasonably incurred." By splitting the sentence in this manner, the D.C. Circuit reasons that the term "reasonably incurred" modifies only the term "litigation costs" and, therefore, attorney fees need not have been incurred to be awarded. A pro se litigant does not actually incur attorney fees yet he is still eligible for an attorney fee award according to the D.C. Circuit. *Cox v. United States Department of Justice*, 601 F.2d at 5; *Cuneo v. Rumsfeld*, 553 F.2d 1360, 1364–65 (D.C.Cir.1977).

Other circuits have divided the sentence differently and have come to the opposite conclusion. The Fifth Circuit, for example, concludes that the term "reasonably incurred" modifies both "attorney fees" and "litigation costs." Both the attorney fees and litigation costs must be reasonably incurred. *Barrett v. Bureau of Customs*, 651 F.2d 1087, 1089 (5th Cir.1981). Disagreeing with the D.C. Circuit, the Fifth Circuit found that the repetition of the concept of reasonableness was not redundant. The *Barrett* court held that the amount of the fees must be reasonable and the incurring of the fees must be reasonable; therefore, "reasonable attorney fees ... reasonably incurred" was an appropriate reading of the statute. A litigant must

incur attorney fees according to the statute; a pro se litigant does not incur attorney fees. Other circuits have agreed with this interpretation. *See Wolfel v. United States*, 711 F.2d 66, 68 (6th Cir.1983); *Clarkson v. IRS*, 678 F.2d 1368, 1371 (11th Cir.1982); *Cunningham v. FBI*, 664 F.2d 383, 385 (3d Cir.1981); *Crooker v. United States Department of Justice*, 632 F.2d 916, 921 n. 7 (1st Cir.1980); *Burke v. Department of Justice*, 432 F.Supp. 251, 253 (D.Kan.1976), *aff'd* 559 F.2d 1182 (10th Cir. 1977).

We find that parsing the language of the statute is not dispositive. *See Crooker v. United States Department of the Treasury*, 634 F.2d at 49. The term "attorney fees" contemplates that the services of an attorney be utilized. *Cf. Redding v. Fairman*, 717 F.2d 1105 (7th Cir. 1983) (pro se litigant not entitled to an award of attorney fees under the Civil Rights Act, 42 U.S.C. § 1988). The simple language of the statute controls. Attorney means attorney.[3] We have no doubt that Blue Cross/Blue Shield would balk at a request for doctor fees from a person who removed his own appendix, or more realistically, a request for dental fees from someone who extracted his own tooth. No one would be entitled to reimbursement for therapist fees for attempts at self-improvement or for finding solutions to one's own problems. Rebuilding and repairing one's own car after an accident might be spiritually rewarding, however, we doubt very much if one's insurance company would honor a demand for mechanic fees. Myriad examples leap to mind that need not be repeated here. Suffice it to say that, although a pro se litigant often times performs exactly the same functions as a lawyer might perform in representing a client,

---

**3.** *See Langer Roofing & Sheet Metal, Inc. v. Secretary of Labor*, 524 F.2d 1337, 1339 n. 3 (7th Cir.1975), wherein this court expressly disavowed non-liberal, unreasonable interpretation of words and expressly rejected the Humpty Dumpty theory of language.

"'When *I* use a word,' Humpty Dumpty said in a rather scornful tone, 'it means just what I choose it to mean—neither more nor less.'

'The question is, said Alice, 'whether you *can* make words mean so many different things.'

'The question is' said Humpty Dumpty, 'which is to be master—that's all.'" Lewis Carrol, *Through the Looking Glass*, Chapter 6. *See also United States of America v. Koliboski*, 732 F.2d 1328, at 1329 n. 1 (7th Cir.1984).

without a degree and admission to the bar a pro se litigant is not entitled to collect attorney fees.[4] We do not mean to imply that pro se litigants do not further the purposes of FOIA, we merely conclude that, had Congress intended for pro se litigants to be entitled to some type of attorney fee award, they would have made that clear in the statute. In addition, a pro se litigant who has substantially prevailed certainly is entitled to "litigation costs reasonably incurred." A pro se litigant is made whole thereby, serving as a small incentive to pursue litigation if no attorney may be found to represent the litigant. *See Crooker v. United States Department of Justice*, 632 F.2d at 921.

Our decision today furthers the goals of FOIA. The legislative history of the statute makes clear that the provision for attorney fees in the statute was intended to further the goal of "more efficient, prompt, and full disclosure of information." H.R. Rep. No. 876, 93d Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Admin.News 6267, 6271. A statutory allowance of attorney fees, encourages pro se litigants, who could otherwise not afford it, to consult and try to engage an attorney. Consultation with an attorney may circumvent unwarranted litigation. *See Barrett*, 651 F.2d at 1089–90. In addition, an attorney could undoubtedly help a litigant in framing a FOIA request that would encourage a more prompt and full disclosure. Indeed, although we do not condone this type of attitude, the presence of an attorney altogether would likely result in a quicker response on the part of the government. While we are mindful that, in today's marketplace, a litigant with a meritorious claim may not always be able to engage an attorney even with the possibility of attorney

fees, *cf. Merritt v. Faulkner*, 697 F.2d 761, 768–9 (7th Cir.1983) (Cudahy, J. concurring), *but see McKeever v. Israel*, 689 F.2d 1315, 1324 (7th Cir.1982) (Posner, J. dissenting), we feel that the incentive to a pro se litigant is reimbursement for litigation costs. *Crooker v. Department of Justice*, 632 F.2d at 921. Furthermore, litigation costs reasonably incurred are more definitely measured than trying to assess an appropriate amount of attorney fees for a prevailing pro se litigant. *Cunningham*, 664 F.2d at 386; *Crooker v. Department of Justice*, 632 F.2d at 921.

We recognize that pro se litigants may very well further the goals of FOIA by pursuing litigation in circumstances where a recalcitrant agency refuses legitimate requests. We do not feel, however, that an award of an attorney fee to a successful pro se litigant necessarily furthers the goals of FOIA. If Congress had intended that a pro se litigant recover fees for time and effort expended, they would have not denominated the award as "attorney fees" but would have specified that both attorneys and non-attorneys are entitled to fees for time and energy spent.

We agree with the majority of the circuits that attorney fees are not available to pro se litigants. The plaintiff in this case would not be entitled to attorney fees even if he had met all the other criteria for awarding attorney fees. The district court's denial of attorney fees to DeBold must be affirmed albeit on slightly different grounds.

## IV

For the foregoing reasons, we find no reversible error in the district court's determination that plaintiff is entitled to no

---

4. The issue of whether a pro se litigant who is also an attorney would be entitled to an award of attorney fees is not before the court at this time. We express no opinion on the issue. *Falcone v. Internal Revenue Service*, 714 F.2d 646 (6th Cir.1983) (pro se attorney litigant not entitled to award of attorney fees); *Cazalas v. United States Department of Justice*, 709 F.2d 1051 (5th Cir.1983) (as modified on denial of rehearing and rehearing en banc) (allowing pro se

attorney litigants to recover attorney fees). In addition, we do not imply that legal services organizations would not be entitled to an award of attorney fees. *See Falcone v. Internal Revenue Service*, 714 F.2d at 647 n. 3; *Clarkson v. Internal Revenue Service*, 678 F.2d at 1371 n. 3; *Cunningham v. FBI*, 664 F.2d at 385 n. 1; *Crooker v. United States Department of the Treasury*, 634 F.2d at 49 n. 1.

**1044**

more FOIA relief than he was awarded and that plaintiff did not set out a violation of the Privacy Act in his complaint. The denial of attorney fees is affirmed on the ground that a pro se litigant is precluded from collecting an attorney fees award even as a substantially prevailing litigant. The district court's order is hereby affirmed.