887 F.2d 1082
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James E. WATTS, Plaintiff-Appellant,
v.
O.S. FOSTER; S. Huff; B. Tayloe, Defendants-Appellees.
 No. 88-7161.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 24, 1989.
Decided: Sept. 26, 1989.
Rehearing and Rehearing In Banc Denied Oct. 25, 1989.
 
 James E. Watts, appellant pro se.
 Raymond R. Roebrecht, for appellees.
 Before PHILLIPS and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 James E. Watts appeals the district court's decision to award him only nominal damages of $1.00 although he prevailed on his claim that the defendants denied him due process by keeping him in isolation for nine months without a hearing. We affirm.
 
 
 2
 Watts raises numerous issues on appeal, only a few of which merit discussion. Watts claims that the district court erred in denying his request for a jury trial. Watts's request was untimely, however, as it was not made until the magistrate had already held a hearing and issued a report and recommendation in this case. He therefore waived his right to a jury trial. McCray v. Burrell, 516 F.2d 357, 371 (4th Cir.1975); Fed.R.Civ.P. 38.
 
 
 3
 Watts also claims that the nominal damages of $1.00 were insufficient to compensate him for being denied a hearing. The district court did not err in deciding only to assess damages of $1.00. Both the magistrate and the district court credited the evidence of defendant Huff, who stated that Watts was contented with isolation and that he received all privileges that were afforded inmates in the general population. Moreover, Watts's argument that he was damaged by the lack of a hearing assumes that a hearing would have resulted in his placement in the general population. This assumption is dubious at best, as Watts was placed in isolation due to his maximum custody classification, which he earned by knocking a hole in the ceiling of a medical isolation cell and taking a deputy's uniform in an attempt to escape.
 
 
 4
 Watts also argues that the district court erred in denying him attorney's fees and costs as the prevailing party. Because he proceeded pro se, he is not entitled to attorney's fees. Pitts v. Vaughn, 679 F.2d 311 (3d Cir.1982); Cofield v. City of Atlanta, 648 F.2d 986 (5th Cir.1981). In addition, the district court did not abuse its discretion in denying costs in this case, as Watts did not submit a bill of costs along with his motion. See 28 U.S.C. Secs. 1920, 1924.
 
 
 5
 We affirm the judgment of the district court. We also denying Watts's motions for appointment of counsel, for a transcript, and to strike the appellee's brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.