**Columbus THOMAS, Plaintiff,**

v.

**JEEP–EAGLE CORPORATION, Defendant.**

**No. 89–C–175.**

United States District Court, E.D. Wisconsin.

Oct. 1, 1990.

Heide, Hartley, Thom, Wilk & Guttormsen by Thomas Hartley, Kenosha, Wis., for plaintiff.

Foley & Lardner by Peter Stone, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

On February 13, 1989, the plaintiff filed the instant action claiming that he was wrongfully denied benefits due him under an employee benefit plan and that the plan failed and refused to comply with his request for information regarding the plan. Both claims are actionable under the Employee Retirement Income Security Act [ERISA], 29 U.S.C. § 1001 et seq. Prior to the scheduled jury trial, the plaintiff acknowledged that his benefits were correctly calculated, and he entered a stipulation that the first cause of action should be dismissed. The court signed the order directing the dismissal of that claim on June 27, 1990.

The plaintiff filed a motion for summary judgment as to his second cause of action. At the final pretrial conference, the parties agreed to waive the jury trial and to have the court resolve the remaining claim on cross-motions for summary judgment. Judgment will entered in plaintiff's favor as to that claim; a penalty, which includes the plaintiff's attorney's fees and costs, will be assessed against the defendant.

Summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure.

A participant in an ERISA plan is entitled to obtain a variety of information regarding the plan. 29 U.S.C. § 1024. It is undisputed that the plaintiff is a partici-

pant in an ERISA plan and that the defendant administers the plan. A failure or a refusal by a plan administrator to respond to requests for information triggers a penalty provision within ERISA. In the case at bar, the relevant section provides:

> Any administrator ... (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary ... within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

29 U.S.C. § 1132(c)(1).

The instant case is not heavily laden with facts. On August 29, 1988, the plaintiff wrote to the defendant expressing his concern that his pension benefits were miscalculated. A reply, dated October 4, 1988, indicated that the benefits were miscalculated. Then, after a series of telephone calls and letters, the plaintiff was informed that his benefits were accurately calculated. Thereafter, the plaintiff hired a lawyer to investigate whether the benefits were correctly calculated. The plaintiff's counsel initially telephoned the defendant and requested a copy of the plan. On December 30, 1988, the plaintiff's counsel wrote to the defendant requesting a copy of the plan. The plaintiff obtained a copy of the plan on June 8, 1989, a full 159 days after a written request.

In opposing the plaintiff's motion and in support of its own motion, the defendant directs the court's attention to the communications between the plaintiff and the plan's staff prior to the letter of December 30, 1988, and argues that those responses were all timely. I am persuaded that those communications are largely irrelevant to the issue whether the defendant violated ERISA by failing or refusing to provide information to the plaintiff. Those communications, between August 1988 and mid-November 1988, merely provide the backdrop to the plaintiff's formal request for information dated December 30, 1988. The undisputed facts reveal that a formal request was made, and it was ignored for over five months—until June 8, 1989.

The defendant also argues that the plaintiff is at fault for not having made a formal discovery request for the information after the filing of the instant action. There is no language in the enforcement provisions of ERISA which requires a second request for information. All that is required is one affirmative request. *Kleinhans v. Lisle Savings Profit Sharing Trust*, 810 F.2d 618, 622 (7th Cir.1987). This contention by the defendant is utterly devoid of merit.

The court is unimpressed by the defendant's final argument which is that the plaintiff made his request to the wrong person. The defendant maintains that the proper contact person was the *manager* of the department called "benefits, services and retirement and unemployment plans" instead of an employee of that same department, Ms. Gudebski. However, the letter dated October 4, 1988, from the defendant, instructed the plaintiff to contact Ms. Gudebski if he had further questions. Under these circumstances, the plaintiff's directing his request to her was entirely reasonable and consonant with the requirements of the statute.

The court is satisfied that the defendant's failure to respond to the plaintiff's request, dated December 30, 1988, violated § 502(c)(1) of ERISA. The remaining issues are whether the defendant should be penalized, and if so, what would be an appropriate amount for the fine.

The defendant correctly points out that the conduct or intent of the administrator is relevant to determining the penalty. *Kleinhans*, at 622. However, the record is devoid of facts justifying the failure to respond to the plaintiff's inquiry. The fact that the plan administrators had previously satisfied themselves that the plaintiff's benefits were correctly calculated in no way obviates the duty to respond to the request for information. Accordingly, the defendant will be assessed a $50.00 per day fine for a total of $6,450.00. The court arrived at this figure by multiplying $50.00

by 129 days (the first 30 days after the request are not counted).

In addition to the statutory penalty, the plaintiff also requests that he be awarded his attorney's fees. Such an award is within the discretion of the court under 29 U.S.C. § 1132(c)(1). The plaintiff's attorney has submitted an itemized summary of the legal services that he provided. The attorney expended 31.10 hours at $95.00 per hour. The defendant has not filed an objection to the request for fees or to the amount of the fees. The court is persuaded that the amount of the request is reasonable, and therefore, the court will award the plaintiff $2,859.50 as attorney's fees.

Therefore, IT IS ORDERED that the plaintiff's motion for summary judgment as to the second cause of action in his complaint be and hereby is granted.

IT IS ALSO ORDERED that a penalty be and hereby is assessed against the defendant, pursuant to 29 U.S.C. § 1132(c), in the amount of $6,450.00 plus attorney's fees in the amount of $2,859.50 and costs.

IT IS FURTHER ORDERED that the defendant's motion for summary judgment be and hereby is denied.