**Darrell RHOLDON**

v.

**BIO–MEDICAL APPLICATIONS OF LOUISIANA, INC.**

**Civ. A. No. 94–2493.**

United States District Court, E.D. Louisiana.

Nov. 7, 1994.

180

Michael Thomas Tusa, Jr., David Earl Walker, Metairie, LA, for plaintiff.

Barbara Ryniker Evans, Robert Edward McKnight, Jr., Evans & Associates, New Orleans, LA, for defendant.

## ORDER AND REASONS

BERRIGAN, District Judge.

The court has decided defendant Bio–Medical Applications of Louisiana's ("BMA") Motions to Dismiss, for Summary Judgment and to Strike Jury Demand. For the reasons set forth below, the motions are GRANTED IN PART AND DENIED IN PART.

### I. BACKGROUND

The plaintiff, Darrell Rholdon, was an employee of BMA who was discharged by the company in September 1993. At the time he was fired, Mr. Rholdon was under a doctor's

care for an injury to his back. Mr. Rholdon has brought suit against BMA claiming, in part, that he was discharged as retaliation for filing a workers compensation claim, in violation of La.R.S. 23:1361(B). Mr. Rholdon also claims that BMA violated the COBRA amendments to ERISA by failing to notify him of his right to continuing health insurance coverage and by cancelling his health insurance. Comprehensive Omnibus Budget Reconciliation Act of 1986, Pub.L. No. 99–272, 100 Stat. 222 (1985) (codified at 26 U.S.C. § 162, 29 U.S.C. §§ 1161–1168, 42 U.S.C. §§ 300bb–1 to 300bb–8). With regard to the alleged COBRA violation, Mr. Rholdon has asserted a cause of action under ERISA and a separate cause of action for conversion of his insurance premiums. Mr. Rholdon has also asserted a cause of action for intentional infliction of emotional distress based on BMA's actions in "firing plaintiff, refusing to provide COBRA notice, refusing to process claim forms and cancelling plaintiff's insurance ..." First Amended Complaint, ¶¶ 35–37. BMA seeks to dismiss the plaintiff's retaliatory discharge, intentional infliction of emotional distress and conversion claims.

## II.  ANALYSIS

### A.  Retaliatory Discharge Claim

■   La.R.S. 23:1361(B) states:

No person shall discharge an employee from employment because of said employee having asserted a claim for benefits ...

BMA alleges that the plaintiff has failed to state a claim under this statute because he has not filed a workers compensation claim. FRCP 12(b)(6). BMA argues that it cannot retaliate against the plaintiff for something he has not done.

Mr. Rholdon concedes that he has not filed a workers compensation claim, but alleges that BMA had knowledge of his injury. He states that he informed his supervisor of the injury and was referred to a doctor under the company's HMO plan. The doctor examined Mr. Rholdon and submitted an "Attending Physician's Statement" to BMA's corporate benefit department which stated that Mr. Rholdon could not work for an undetermined period of time. Thus, Mr. Rholdon argues that given BMA's knowledge of his injury and of his intent to file a compensation claim, the fact that he had not yet filed a claim does not warrant dismissal.

■   The Court agrees with the plaintiff's position. Assuming that his allegations are correct for the purposes of this motion to dismiss, an employer who has knowledge of an employee's injury and the employee's intent to file a claim should not be able to escape liability under R.S. 23:1361 by firing the employee before he asserts the claim. The Court will deny the motion to dismiss.

BMA has also moved for summary judgment on the retaliation claim, alleging that Mr. Rholdon's injury was not work-related. Mr. Rholdon has submitted competent affidavit testimony to the contrary, thus creating a material factual dispute. FRCP 56(c). The Court will deny the motion for summary judgment.

### B.  ERISA Preemption of I.I.E.D. and Conversion Claims

Because Mr. Rholdon's claims involve the alleged denial of benefits under an ERISA plan, BMA argues that his state law claims for intentional infliction of emotional distress and conversion are preempted. ERISA's provisions "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a).

The Fifth Circuit's decision in *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209 (5th Cir. 1992), *cert. den.* —— U.S. ——, 113 S.Ct. 68, 121 L.Ed.2d 35 (1992), provides an in-depth analysis of the scope of ERISA preemption. In it, the court distinguishes between state causes of action that are entirely dependent on a violation of ERISA and those that have an independent factual basis. In cases where an alleged ERISA violation gives rise to related state claims, the court concludes that ERISA preempts the state claims:

Here ... the basis of the claims themselves is the operation of the pension plan; if appellants' claims were stripped of their link to the pension plans, they would cease to exist ...

Because the underlying conduct at issue here cannot be divorced from its connection to the employee benefit plan, we uphold the district court's judgment that the state law claims are preempted in their entirety.

950 F.2d at 1220.

Though not disapproving the cases, the court distinguishes cases reserving state causes of action that are independent of ERISA claims. By way of example, the court cites the Eleventh Circuit's decision in *Clark v. Coats & Clark, Inc.,* 865 F.2d 1237 (11th Cir.1989). In *Clark,* the plaintiffs alleged an ERISA violation as well as intentional infliction of emotional distress arising from their firing. Though the causes of action were factually related, the court concluded that the state cause of action was not automatically preempted. The court stated:

[S]tatements and conduct which are concurrent or closely related, in time only, may be the focus of a [sic] both an action addressing a federally regulated concern as well as a state action for intentional infliction of emotional distress without impermissably intruding upon the broad reach of the federal regulatory scheme ... The only connection between Clark's tort claim and ERISA is that the conduct arose in a factual setting which overlapped that of Clark's ERISA claim. That is why the court took pendent jurisdiction over his claim. The mere existence of a common operative nucleus of facts giving rise to pendent jurisdiction, as here, is insufficient to render the tort claim "related" to the ERISA claim [for purposes of preemption].

865 F.2d at 1237.

■ As noted above, Mr. Rholdon bases his intentional infliction of emotional distress ("I.I.E.D.") claim on his wrongful discharge and subsequent violations of ERISA's COBRA notice requirements. In as much as the I.I.E.D. claim is based on wrongful discharge, it is not preempted. The wrongful discharge claim has no relation to the alleged ERISA violations. Mr. Rholdon, however, cannot base his I.I.E.D. claim on alleged ERISA violations. Thus, the I.I.E.D. claim based on wrongful discharge survives, but Mr. Rholdon's I.I.E.D. claim for "refusing to provide COBRA notice, refusing to process claim forms and cancelling plaintiff's insurance" is dismissed. By the same reasoning, the Court will dismiss Mr. Rholdon's state law conversion claim.

## C. Failure to Plead I.I.E.D. Specifically

■ BMA seeks to dismiss the I.I.E.D. claim based on wrongful discharge for failure to allege the elements of a Louisiana I.I.E.D. claim. FRCP 8(a)(2) requires that a request for relief contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Mr. Rholdon has done so. His complaint describes the circumstances of his discharge and why he believes the events give rise to an I.I.E.D. claim. BMA has not cited any precedent establishing a heightened pleading requirement for an emotional distress claim. Under the federal rules of notice pleading, Mr. Rholdon's petition is sufficient. *Walker v. South Central Bell Telephone Co.,* 904 F.2d 275, 277–78 (5th Cir.1990) (reversing district court's 12(b)(6) dismissal for failure to allege elements of intentional infliction of emotional distress).

## D. Failure to Allege Proper Capacity Under COBRA

■ BMA has moved to dismiss Mr. Rholdon's COBRA claim because he has not alleged that BMA is a representative or a fiduciary of the relevant ERISA plan. *See Gelardi v. Pertec Computer Corp.,* 761 F.2d 1323 (9th Cir.1985). The Court will grant Mr. Rholdon leave to amend his complaint in order to identify BMA in the proper capacity. FRCP 15(a).

## E. Summary Judgment on COBRA Claim

■ The evidence submitted by the parties indicates that Mr. Rholdon's health insurance was temporarily cancelled. BMA has submitted a letter from its carrier, CIGNA, indicating that Mr. Rholdon's insurance has been reinstated. Defendant's Rebuttal Memorandum, Ex. 1. Nonetheless, the Court will deny summary judgment on Mr. Rholdon's COBRA claim because material issues of fact exist regarding any damages

Mr. Rholdon may have suffered during the lapse in coverage.

*F.   Motion to Strike Jury Demand*

██   Mr. Rholdon has requested trial by jury for all of his claims.   A trial by jury is not available under ERISA, *Calamia v. Spivey,* 632 F.2d 1235 (5th Cir.1980), but his inclusion of the ERISA claim does not waive his right to a jury trial, if available, on his other claims.   *See generally* Wright & Miller, Federal Practice and Procedure: Civil § 2305.

Accordingly, **IT IS ORDERED** that the defendant's motions are **GRANTED IN PART AND DENIED IN PART** as set forth above.