Robert BOYADJIAN, Plaintiff,

v.

CIGNA COMPANIES, AFIA Worldwide Insurance, and Cigna's AFIA Retirement Plan Administrator, Defendants.

No. Civ.A.95–4453 (MLP).

United States District Court, D. New Jersey.

March 6, 1998.

Robert Boyadjian, Somerset, NJ, pro se.

Janetta D. Marbrey, Law Offices of K. Ruth Larson, New Brunswick, NJ, for Defendants.

## MEMORANDUM OPINION

PARELL, District Judge.

This matter is before the Court on motion by plaintiff *pro se* Robert Boyadjian ("Boyadjian") for costs pursuant to Local Rule 54.1. For the reasons expressed in this Memorandum Opinion, plaintiff's motion is granted in part and denied in part.

### BACKGROUND

The facts underlying the instant action are set forth in detail in this Court's Opinion filed July 29, 1997. In the interest of clarity, we will briefly restate them here. Plaintiff commenced this action on August 21, 1995, seeking relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461. Boyadjian alleged that he was employed by defendant AFIA Worldwide Insurance ("AFIA") from June, 1971 through March, 1982 and was therefore eligible for benefits under the company's retirement plan (the "Plan"). (Compl. at .2.) Initially, CIGNA Companies ("CIGNA") took the position that plaintiff did not establish his eligibility under the Plan. By Memorandum and Order dated July 17, 1996, the Court denied without prejudice defendants' motion for summary judgment, finding that there was a genuine issue of material fact as to whether plaintiff was employed by AFIA for the ten years required to become eligible for retirement benefits. (Mem. & Order dated July 17, 1996.) After the Court denied defendants' initial motion for summary judgment, defendants determined that plaintiff was entitled to benefits under the Plan, and so informed Boyadjian.

Subsequently, the parties filed cross-motions for summary judgment. Defendants sought dismissal of plaintiff's claims for lack of jurisdiction, arguing that their actions in informing plaintiff of his eligibility and rights under the plan rendered plaintiff's claims moot. Plaintiff moved for summary judgment, arguing that he was entitled to: (1) attorney's fees and costs related to this suit; (2) $100 per day from July 29, 1993 to September 3, 1996, pursuant to 29 U.S.C.

§ 1132(c), for defendants' failure to provide requested information concerning the Plan; and (3) damages for emotional distress and punitive damages. (Pl.'s Br. in Supp. of Mot. for Summ.J. at 2.) By an Opinion dated July 29, 1997, the Court granted the motions in part and denied them in part. *See Boyadjian v. Cigna Comp.*, 973 F.Supp. 500 (D.N.J. 1997). With respect to plaintiff's attorney's fee request, the Court denied plaintiff's application, holding that *pro se* plaintiffs are not entitled to recover attorney's fees under ERISA, 29 U.S.C. § 1132(g)(1). The Court stated, however, that plaintiff was entitled to "litigation costs reasonably incurred." *Id.* at 503. The Court directed plaintiff to submit "a Bill of Costs in accordance with Local Civil Rule 54.1 within 30 days of the entry of the Order" accompanying the Opinion. *Id.*

Plaintiff filed his Bill of Costs with the Court on August 11, 1997. In it, plaintiff seeks the following amounts: (1) $150.00 paid as a filing fee; (2) $8,129.84 incurred in "discovery" (which includes amounts for telephone, postage, copying and "time spent"); (3) $14,002.20 for "litigation and court action" (which includes amounts for telephone, postage, copying, the purchase of a computer and "time spent"); (4) $708.60 for travel mileage for time spent traveling to and from various libraries; and (5) $119.70 for a subscription to America On–Line. The total amount of costs is $23,110.34.[1] Plaintiff indicates that "time spent refers to preparation of motions, oppositions, legal research, reading, internet lookup of House of Representative Law Library and Lexis–Nexis Law Library, etc." (Pl.'s Bill of Costs.) Plaintiff has not submitted to the Court any verification of these amounts, and has not provided any receipts in support of his application.

Defendants oppose plaintiff's motion, arguing that (1) various expenses listed in the Bill of Costs cannot be awarded pursuant to 28 U.S.C. § 1920 and (2) charges for "time spent" are in essence, attorney's fees. (Defs., Ltr. Br. at 1–2.)

### DISCUSSION

29 U.S.C. § 1132(g) provides that in "any action under this subchapter ... by a partici-

---

1. Plaintiff states in his Bill of Costs that the total amount sought is $22,960.34. It appears, however, that plaintiff miscalculated that amount by failing to include the $150.00 filing fee.

pant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). By its terms, § 1132(g)(1) does not specifically state what costs are to be awarded under the statute. However, the Supreme Court has held that a court may not shift costs beyond those found in 1920 and § 1821 (not applicable here) without express statutory authority to do so. *West Virginia Univ. Hosps., Inc. v. Casey,* 499 U.S. 83, 86, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991); *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 444–45, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). Thus, we must turn to 28 U.S.C. § 1920, which provides that a judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed expert, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Local Rule 54.1(g) provides the general rules to be followed by the Clerk of the Court in awarding costs under the Local Rules. Local R. 54.1(g). The guidelines found in Rule 54.1(g) are similar to those found is 28 U.S.C. § 1920.

We also note that Local Rule 54.1(b) requires the Bill of Costs to:

precisely set forth each item thereof, so that the nature of the charge can be readily understood, and shall be verified by the attorney for the applicant, stating that (1) the items are correct, (2) the services were actually and necessarily performed, and (3) the disbursements were incurred in the

action or proceeding. Counsel shall append to the verified Bill of Costs copies of all invoices in support of the request for each item.

Local R. 54.1(b). When the party seeking costs fails to comply with Local Rule 54.1(b), the costs are waived.

The initial question presented is whether plaintiff has waived his right to costs by failing to comply with Local Rule 54.1(b), which requires a verified Bill of Costs and receipts for the amounts claimed to have been spent on each expenditure. While we recognize that plaintiff has failed to comply with Local Rule 54.1(b), plaintiff's *pro se* status evokes the concern that a "misstep ... may be decisive to the outcome" of his claim for costs. *Heyl & Patterson Int'l v. F.D. Rich Housing,* 663 F.2d 419, 427 (3d Cir.1981). Thus, we will entertain plaintiff's motion at this time. However, in order to determine whether plaintiff is entitled to recover costs for the items designated in the Bill of Costs, the Court finds it necessary to address each expenditure individually.

## A. Photocopying Expenses

Plaintiff seeks a total of $78.30 for photocopying expenses. To be recoverable as taxable costs, photocopying expenses must have been incurred for copies that were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). These costs are taxable under 28 U.S.C. § 1920 even if the documents are not offered into evidence at trial. *See Haagen–Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.,* 920 F.2d 587, 588 (9th Cir.1990); *Illinois v. Sangamo Constr. Co.,* 657 F.2d 855, 867 (7th Cir.1981); *see also Hurley v. Atlantic City Police Dept.,* No. 93–260, 1996 WL 549298, at * 3 (D .N.J. Sept. 17, 1996). Local Rule 54.1(g) provides that

fees for exemplification and copies are taxable when (A) the documents are admitted into evidence or necessarily attached to a document required to be filed and served in support of a dispositive motion, and (b) they are in lieu of originals which are not introduced at the request of opposing counsel.

Local R. 54.1(g)(9). Here, plaintiff has failed to submit invoices documenting his copying expenses. It is clear that the photocopies under the heading of "discovery" would not be recoverable pursuant to Local Rule 54.1(g)(9). However, it is unclear whether the photocopies under the heading "litigation and court action" fall within the category of expenses which are recoverable as costs pursuant to § 1920. (*See* Pl.'s Bill of Costs.) Rather than engage in speculation, and in light of plaintiff's *pro se* status, we will deny this portion of plaintiff's application without prejudice at this time. The Court directs plaintiff to submit any receipts or other documentation which demonstrate his entitlement to reimbursement for his photocopying expenses pursuant to § 1920 and Local Rule 54.1(g) within 30 days of the Order accompanying this Memorandum Opinion.

*B. Telephone Calls Made in the Course of Discovery and Litigation.*

■ Plaintiff seeks a total of $50.50 which he claims he spent in making telephone calls. Long distance phone calls may be charged as part of attorney's fees, but not costs. *See Abrams v. Lightolier,* 50 F.3d 1204, 1225 (3d Cir.1995); *see also Ezelle v. Bauer Corp.,* 154 F.R.D. 149, 155 (S.D.Miss.1994). Moreover, neither Local Rule 54.1(g) nor § 1920 permit recovery of long distance telephone expenditures. Thus, plaintiff may not recover his telephone expenses. *See Crawford Fitting,* 482 U.S. at 444.

*C. Postage Spent in the Course of Discovery and Litigation*

■ Plaintiff seeks $168.24 in postage used during discovery and in litigation of this action. Postage costs are not listed in § 1920, and are not mentioned in Local Rule 54.1(g). Moreover, expenses for postage are reimbursable as part of attorney's fees. *See Abrams,* 50 F.3d at 1225; *Hurley,* 1996 WL 549298 at *4. Because we have determined that plaintiff is not entitled to attorney's fees, he cannot recover amounts spent on postage.

*D. Travel Fees*

■ Plaintiff claims that he spent $708.60 on travel to and from various libraries to prepare his motions and discovery responses. (Pl.'s Bill of Costs.) Travel expenses of attorneys are not a taxable cost. *See Abrams,* 50 F.3d at 1225 (traveling costs are part of attorney's fee award); *Wahl v. Carrier Mfg. Co. Inc.,* 511 F.2d 209, 216 (7th Cir.1975); *Walters v. President and Fellows of Harvard College,* 692 F.Supp. 1440, 1442 (D.Mass. 1988) (successful litigant in diversity action could not recover travel, parking and miscellaneous expenses incurred by her attorney). Moreover, Local Rule 54.1(g) and § 1920 provide that only mileage fees for witnesses to travel to the courthouse and attend depositions are recoverable as costs. *See* 28 U.S.C. § 1920; Local R. 54.1(g). Because there is no provision which provides that travel expenses of attorneys or litigants are taxable costs, plaintiff cannot recover these amounts. *See Crawford Fitting,* 482 U.S. at 444.

*E. Purchase of Computer, Computerized Legal Research and Six–Month Subscription to America On–Line.*

■ Computerized legal research is not independently taxed as a cost under 28 U.S.C. § 1920, but such expenses are considered part of attorney's fees. *See Hurley,* 1996 WL 549298, at *4–5. It should be noted that a case decided by the Third Circuit states that computerized legal research is assessable as a reasonable cost of litigation. *See Wehr v. Burroughs Corp.,* 619 F.2d 276, 285 (3d Cir.1980). The court in *Wehr* relied on a theory that a court has discretion to award costs which are not specifically allowed by statute pursuant to Rule 54 of the Federal Rules of Civil Procedure. *Wehr* can no longer be considered good law on this point, however, in light of the Supreme Court's most recent pronouncements in *Crawford Fitting* and *West Virginia Hospitals.* The Supreme Court rejected the reasoning in *Wehr* and held that a court may only asses those costs which are specifically outlined in § 1920. *Crawford Fitting,* 482 U.S. at 441; *West Virginia Hosps.,* 499 U.S. at 93; *see also Neyer, Tiseo & Hindo, Ltd. v. Russell,* No 92–2983, 1994 WL 158917 (E.D.Pa. Apr.29, 1994) (recognizing implicit overruling of *Wehr* ).

**282**

Applying the same reasoning to plaintiff's request for reimbursement for the purchase of a computer and an America On–Line subscription, such expenses are not taxable as costs. *See Crawford Fitting,* 482 U.S. at 444 ("Any argument that a federal court is empowered to exceed the limitations explicitly set out in §§ 1920 and 1821 without plain evidence of congressional intent to supersede those section ignores our longstanding practice of construing statutes in pari materia.").

### F. *"Time Spent"*

■ Plaintiff claims that he should be reimbursed $21,015.00 for "time spent" during discovery and litigation of this matter. Plaintiff notes that "time spent refers mostly to search for records or documents to prove employment and eligibility to pension ... preparation of motions, oppositions, legal research, and internet lockup." (Pl.'s Bill of Costs.) This claim clearly falls within the realm of attorney's fees. *See Abrams,* 50 F.3d at 1225. However, we have already determined that plaintiff may not recover attorney's fees. *See Boyadjian,* 973 F.Supp. at 503.

### G. *Filing Fee*

Section 1920 and Local Rule 54.1(g) permit the recovery of plaintiff's filing fee of $150.00. *See* 28 U.S.C. § 1920(1); Local R. 54.1(g)(1).

#### CONCLUSION

We have found that plaintiff is entitled to be reimbursed for the $150.00 filing fee incurred in instituting this action. We have also stated that plaintiff's expenditures for photocopying may fall within the costs allowable under § 1920 and Local Rule 54.1., but that the record at present does not provide sufficient information for us to make that determination. As to plaintiff's remaining expenditures, we have determined that § 1920 does not authorize plaintiff's recovery of those amounts. An appropriate Order accompanies this Memorandum Opinion.