Gregory Lee LOONEY, Plaintiff,

v.

Josie WALTERS–TUCKER,
et al., Defendants.

No. CIV.A.98–0360 (PLF).

United States District Court,
District of Columbia.

March 29, 2000.

**2**

Elaine Mittleman, Falls Church, VA, for Plaintiff.

Charles G. Neighbor, FDIC, Washington, DC, for Defendants.

## MEMORANDUM OPINION

PAUL L. FRIEDMAN, District Judge.

Plaintiff, Gregory Lee Looney, was convicted of the federal crime of bank robbery, 18 U.S.C. § 2113(a), (d), for his role in a robbery of the United Federal Savings Bank in Des Moines, Iowa on July 25, 1990. He believes that the bank may not have been federally insured by the Federal Deposit Insurance Corporation ("FDIC") on the date of the robbery—an essential element of proof on the federal offense. In pursuit of evidence to support a motion to vacate his conviction on this basis, plaintiff submitted a Freedom of Information Act request to the FDIC and the Office of Thrift Supervision. Specifically, plaintiff sought records regarding the FDIC-insured status of the United Federal Savings Bank in Des Moines, Iowa on July 25, 1990. Having failed to receive a substantive response to his request, plaintiff filed this action on February 11, 1998.

Defendant's initial motion for summary judgment was denied because the declarations in support of the motion identified a search for records regarding a bank with a similar name but at the wrong address in Des Moines. A second motion filed by defendant was supported by new declarations that detailed a search, but factual issues were raised by that motion that caused the Court to appoint counsel for plaintiff. Defendant eventually agreed to voluntarily withdraw its second motion. Three status conferences were held with counsel for both sides in an attempt to satisfy the plaintiff's FOIA request. Defendant filed additional declarations regarding the completeness of its search for responsive records in anticipation of the status conferences. Instead of clarifying the issues, defendant's supplemental declarations contradicted its earlier statements and only raised additional questions about the completeness of its search.

Unsuccessful at resolving the matter through status conferences, the parties were ordered to file motions for summary judgment "[i]n order to identify and resolve all issues remaining in this Freedom of Information Act case." See Order of September 22, 1999. Plaintiff's motion clearly articulates the wholly inadequate search for responsive records by defendant in the past and the inconsistencies in its various declarations. In response, defendant conducted a further search for responsive records on November 26, 1999. This new search uncovered five records that were produced in their entirety, three of which had not been previously produced.

### A. Mootness

Defendant argues that because all responsive records have now been produced, the case is moot and this Court is without jurisdiction to entertain it. A case is not moot, however, unless "the parties lack a legally cognizable interest in the outcome." County of Los Angeles v. Davis, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979) (quoting Powell v. McCormack, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969)). Plaintiff has a cognizable interest in having this Court determine whether the search for records was adequate under the standards for adequate records searches required under the FOIA by the relevant case law. The cases cited by defendant are not to the contrary. All but one of the cases cited by defendant in support of its mootness argument involved requests for specific records that

had been produced in full and in which the plaintiff conceded that no further relief was available under the FOIA. In the one exception, *DeBold v. Stimson*, 735 F.2d 1037, 1040 (7th Cir.1984), the district court denied the plaintiff's FOIA request after finding that all responsive records had been produced to him. In that case, that was the only issue to be decided under the FOIA. That is not the case here. In a FOIA case, courts always have jurisdiction to determine the adequacy of a search by the agency for agency records duly requested under the FOIA. 5 U.S.C. § 552(a)(4)(B). There is nothing frivolous about this lawsuit, as has been apparent to this Court throughout this litigation. This Court has subject matter jurisdiction to determine whether FDIC's search for responsive records was adequate. *Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946).

### B. Adequacy of Search

The FOIA requires an agency to conduct only a reasonable search for requested records using "methods reasonably expected to produce the information requested." *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 68 (D.C.Cir.1990). The agency must establish through affidavits or declarations the adequacy of both its search methods (where and how it looked for responsive records) and the scope of its search (what it was looking for). *Perry v. Block*, 684 F.2d 121, 127 (D.C.Cir.1982). The affidavits or declarations need not "set forth with meticulous documentation the details of an epic search for the requested records," *Perry v. Block*, 684 F.2d at 127, but must show "that the search method was reasonably calculated to uncover all relevant documents." *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C.Cir. 1984). Defendant's most recent declarations provide an adequate description of the record systems searched, the rationale for why these systems were the ones most likely to contain responsive records, the persons conducting the search and the methods used to conduct the search. *See* Declarations of Fredrick L. Fisch, Valerie J. Best, Dorlisa L. Raney, William V. Farrell and Gary L. Bowman, appended to Defendant's Renewed Motion to Dismiss, filed December 1, 1999.

Plaintiff and his counsel, however, are appropriately "troubled" by the fact that defendant had previously sworn that records did not exist only to have them produced as a result of defendant's latest search: "The government's technique of submitting successive declarations leaves those opposing the government in litigation to wonder—is this declaration complete and accurate? What else is missing?" *See* Plaintiff's Opposition, at 6. In reviewing the somewhat contradictory declarations of defendant, the Court relies on those filed in support of its present Renewed Motion, however, because they are neither conclusory nor incomplete and because, as a result of the prodding of the Court and plaintiff's counsel, the Court now is satisfied that the agency has finally got it right, that its most recent search is adequate. *See The Nation Magazine v. United States Customs Service*, 71 F.3d 885, 890 (D.C.Cir.1995). "[I]n the absence of countervailing evidence or apparent inconsistency of proof, affidavits that explain in reasonable detail the scope and method of the search conducted by the agency will suffice to demonstrate compliance with the obligations imposed by the FOIA." *Perry v. Block*, 684 F.2d at 127. This standard has now been satisfied.

Based on the record before it, the Court does not find that defendant's prior erroneous declarations were made in bad faith: At most, the record supports a finding that defendant was careless in complying with its FOIA obligations. Nor does the Court agree with plaintiff's assertion that the FDIC's conduct here demonstrates that an agency can simply file successive declarations with impunity. Declarations are made on penalty of perjury, *see* 28 U.S.C. § 1746, and an agency's failure

to comply with its FOIA obligations may require it to pay plaintiff's attorneys' fees, 5 U.S.C. § 552(a)(4)(E). Furthermore, in appropriate cases, discovery may be conducted as to the adequacy of the search. *Weisberg v. United States Dep't of Justice*, 627 F.2d 365, 371 (D.C.Cir.1980). If the agency acts arbitrarily or capriciously or fails to comply with a court order, an investigation may be initiated to determine whether disciplinary action is warranted and responsible employees may be held in contempt. 5 U.S.C. § 552(a)(4)(F), (G). Here, all that was needed was to hold the agency to the requirement that it provide sufficiently detailed declarations and to deny its motions for summary judgment until it provided declarations containing more than conclusory assertions. *See Steinberg v. United States Dep't of Justice*, 23 F.3d at 548, 552 (D.C.Cir.1994).

■ In a letter to his counsel attached to his opposition, plaintiff seeks a "certified sworn statement" attesting to the fact that the United Federal Savings Bank was not insured on July 25, 1990. The records produced by defendant strongly suggest an answer, albeit not one to plaintiff's liking. *See* Declaration of Valerie J. Best, ¶ 10, Exhs. C and D; Declaration of Dorlisa L. Raney, ¶ 9, Attachments A–C; Declaration of William V. Farrell, ¶ 9, Attachment 1. Nor is there any provision in the FOIA that would entitle plaintiff to such a statement. Plaintiff cannot obtain a definitive ruling on the federal jurisdictional basis of his conviction in this FOIA action. That issue can only be resolved by the sentencing court upon consideration of a motion to vacate pursuant to 28 U.S.C. § 2255. This FOIA action has served its only legitimate function—to determine whether a thorough and adequate search of agency records was conducted and whether all documents not exempt from disclosure have been disclosed.

Plaintiff also argues that the insurance information provided for the main branch of the United Federal Savings Bank is irrelevant as to the insurance status of the branch bank actually involved in the robbery. This argument ignores the corporate structure of banks and their branches. It is not the branch that is insured, but the deposits in the bank. 12 U.S.C. § 1815; *see also* 12 U.S.C. § 1828(a)(2) (requiring display of bank's FDIC-insured status "at each place of business maintained by such bank"); 12 U.S.C. § 1828(d)(1) (prohibiting nonmember insured banks from operating a new branch without prior FDIC approval). Because defendant now has conducted an adequate search for responsive records and produced all records it has located, its motion for summary judgment must be granted. Plaintiff's FOIA claim has finally resulted in the production of the requested information. His continuing disagreement with the accuracy of the information provided is due solely to the fact that he does not like the result.

### C. Filing Fees and Costs

■ Plaintiff is a federal prisoner and therefore is required to pay the filing fee despite having been granted leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1); Order of February 11, 1998. Because it is patently obvious, however, that plaintiff would never have received the records produced without filing this action, the Court determines *sua sponte* that he has "substantially prevailed" for purposes of recovering his litigation costs, pursuant to 5 U.S.C. § 552(a)(4)(E). *See* Fed.R.Civ.P. 54(d)(1) (costs "shall be allowed as of course" to the prevailing party); *Cuneo v. Rumsfeld*, 553 F.2d 1360 (D.C.Cir.1977) (plaintiff substantially prevailed where federal agency voluntarily released information sought). The defendant therefore must pay plaintiff the cost of his having filed this action. As for any motion for attorneys' fees, the Court will require the parties to confer in an attempt to reach agreement before filing any motion for attorney's fees. L.Cv.R. 54.2.

Finally, the Court expresses its gratitude to Elaine Mittleman, Esquire, appointed counsel in this case, who has pursued her client's interests diligently and in

the best traditions of the profession. An appropriate Order accompanies this Memorandum Opinion.